**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DEWEY BROWN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **VS.** | : | **NO. 5:23-CV-00313-TES-MSH** |
| | : | |
| **THE STATE OF GEORGIA UNION,** | : | |
| | : | |
| **Defendant.** | : | |
| ________________________________ | : | |

## ORDER

*Pro se* Plaintiff Dewey Brown, an inmate presently confined at the Valdosta State Prison in Valdosta, Georgia, has filed a pleading that was construed as a complaint under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also seeks leave to proceed *in forma pauperis* in this action (ECF No. 2). For the following reasons, Plaintiff is **ORDERED** to (1) recast his pleading on the appropriate form and (2) either pay the Court's filing fee or file a complete and proper motion for leave to proceed *in forma pauperis* if he wishes to proceed with this action.

## ORDER TO RECAST

Plaintiff has submitted a partially completed form for filing a complaint pursuant to 42 U.S.C. § 1983 and a letter purporting to explain his claims (ECF Nos. 1, 1-2). In these documents, he alleges that he is "mainly attacking the ADA and union in this letter." Attach. 1 to Compl. 1, ECF No. 1-2. Plaintiff further states that he is attempting "[t]o comply with the KKK act" by "referring to family history." *Id.* Plaintiff then recounts the experience of his mother and brothers with the criminal justice system and appears to allege

that the district attorney's office, along with the "State & Union," "railroad[ed]," "trick[ed]," or "manipulated" them into accepting various criminal charges. *Id.* Plaintiff also states he would "like to go on record to say [he] deserve[s his] rights of war time, cause of poor conditions & food rations. One year should count for seven." *Id.*

The nature of the pending action is not clear to the Court. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that "[t]hey possess only that power authorized by Constitution and statute," and the burden of establishing a federal court's jurisdiction "rests upon the party asserting jurisdiction[.]" *Id.* One of the ways a party can establish original jurisdiction in a federal district court is by asserting a claim that "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (federal question jurisdiction). The two most common types of cases filed by prisoners—claims arising under 42 U.S.C. § 1983 and federal habeas corpus petitions—fall under this jurisdictional umbrella.[1]

As a general rule, "a challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under [42 U.S.C.] § 1983 . . . ." *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (per curiam) (quoting *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979)). In other words, "[f]ederal habeas corpus relief is appropriate when a

[1] The Court assumes that Plaintiff's citation to the "KKK Act" is a reference to the Ku Klux Klan Act of 1871. 42 U.S.C. § 1983 is a codification of part of the Ku Klux Klan Act of 1871 that allows individuals to sue state actors in federal court for violations of federal law. *See Monroe v. Pape*, 365 U.S. 167, 171 (1961), *overruled in part on other grounds by Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

petitioner alleges that his custody itself is illegal." *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 484 (1973)). But "when a prisoner alleges that he has been deprived of his rights under federal law by prison officials, the proper cause of action is § 1983." *Id.* (citing *McKinnis*, 693 F.2d at 1057). A prisoner cannot obtain a dismissal of pending charges or speedier release through a § 1983 action, and he cannot seek monetary compensation in a federal habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487, 489 (1973).

In this case, to the extent Plaintiff is challenging his conviction and seeks his release, his claims would most likely arise under 28 U.S.C. § 2254, which applies to individuals like Plaintiff who are in custody pursuant to the judgment of a state court. To the extent Plaintiff is challenging the conditions of his confinement and seeking monetary damages as a remedy, however, his claims are properly raised under 42 U.S.C. § 1983. Plaintiff is therefore **ORDERED** to recast his Complaint on the appropriate form within **FOURTEEN (14) DAYS** of the date of this Order. The Clerk of Court is **DIRECTED** to forward Plaintiff a copy of the Court's § 2254 and § 1983 forms. Plaintiff should choose **<u>ONE</u>** of these forms, mark it with Case Number 5:23-cv-00313, and recast his pleading thereon.[2] **The recast pleading shall supersede (take the place of) his initial pleading**

[2] Plaintiff may use the other form if he wishes to file a lawsuit raising the type of claims he is not raising in the above-captioned action, but it must be filed as a completely separate lawsuit and should not be labeled with the case number for this case. Plaintiff will also be required to either pay the filing fee in that lawsuit or file a motion for leave to proceed *in forma pauperis* in that lawsuit if he chooses to bring it.

**(ECF No. 1).** The Court will not look back at this document, or any other document Plaintiff has already filed in this action, to determine whether Plaintiff has an actionable federal claim. Plaintiff should therefore include any facts or allegations he wishes the Court to consider in his recast pleading, even if he has alleged it in some other filing.

To the extent Plaintiff is attempting to raise claims on behalf of a family member, he is further advised that he does not appear to have legal standing to do so. To have standing to sue a defendant, a plaintiff must "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," and he must generally "assert his own legal interests rather than those of third parties." *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979) (internal quotation marks omitted). Thus, Plaintiff should only raise claims that are personal to him, or he must plead facts showing that he has some sort of legal authority to raise claims on behalf of a family member.

**ORDER TO PAY FILING FEE OR SUBMIT MOTION TO PROCEED IFP**

Plaintiff has also moved to proceed *in forma pauperis* in this action (ECF No. 2). The Court has reviewed Plaintiff's motion and finds it is incomplete. A prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). The form submitted by Plaintiff is largely blank, missing pages, and does not include a copy of his prison trust fund account information. Accordingly, Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this

Order to either pay the required fee or file a proper motion to proceed without the prepayment of the filing fee. The filing fee for a habeas corpus petition is $5.00, and the filing fee for a § 1983 complaint is $402.00. The Clerk is **DIRECTED** to mail Plaintiff a copy of the standard motion to proceed without prepayment of fees and affidavit and account certification form that he may use for this purpose.

**CONCLUSION**

To reiterate, Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) recast his pleading on the appropriate form and (2) file a proper and complete motion for leave to proceed *in forma pauperis* or pay the appropriate filing fee. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this case.** There will be no service of process in this case until further order.

**SO ORDERED** this 18th day of September, 2023.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE