IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DEWEY BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV 123-201 |
| | ) |
| RALPH SHROPSHIRE, Warden, | ) |
| | ) |
| Respondent. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254, and he originally filed this petition in the Middle District of Georgia. United States Magistrate Judge Stephen Hyles transferred the petition to this District because Petitioner seeks to challenge his conviction in the Superior Court of Richmond County, Georgia. (See doc. nos. 7, 10.) On January 8, 2024, the Court directed Petitioner to pay the $5.00 filing fee within twenty-one days, (doc. no. 13), but Petitioner did not respond. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

**I.    BACKGROUND**

Petitioner was convicted of murder in the Richmond County Superior Court, and on March 29, 2019, he was sentenced to life in prison without the possibility of parole. (Doc. no. 7, p. 1; doc. no. 7-2, p. 1); see also Richmond Cnty. Clerk of Court Web Docket, available at https://www.augustaga.gov/421/Case-Management-Search, click "Yes, I agree,"

(follow "Criminal Search" hyperlink; then search for Case # 2018RCCR01309, last visited Feb. 2, 2024), Ex. A attached; United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings). The trial Court denied Petitioner's motion for new trial on March 31, 2023, and a Notice of Appeal to the Supreme Court of Georgia was filed on April 24, 2023. (Doc. no. 7-2); Ex. A, p. 2. Petitioner states his direct appeal proceedings are "on going." (Doc. no. 7, p. 3.)

In his current federal petition, Petitioner challenges his state conviction on multiple grounds, including but not limited to alleged improper closing argument and hypnotism of the jury by the prosecutor, insufficiency of the evidence, and ineffective assistance of counsel. (See generally doc. no. 7-1.)

## II.  DISCUSSION

### A.  The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state

2

courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).  However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

### B. Petitioner Failed to Exhaust State Remedies

Petitioner does not allege that he has exhausted his state court remedies. Indeed, he concedes his direct appellate proceedings are ongoing, and his Notice of Appeal of the denial of his motion for new trial was filed less than one year ago. (Doc. no. 7-2); Ex. A. Thus, Petitioner has not even completed his direct appellate proceedings, let alone sought state habeas corpus relief. See, e.g., Washington v. Hopson, 788 S.E.2d 362, 367-69 (Ga. 2016) (reviewing allegations of prosecutorial misconduct in habeas corpus proceedings); Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010) (reviewing ineffective assistance of counsel claims in habeas corpus proceedings); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

Moreover, it is improper to attempt to circumvent the state courts in favor of moving directly to the federal courts. Generally, as a matter of comity, the state courts must be afforded a fair opportunity to hear claims raised in a habeas corpus petition challenging custody resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[1]

---

[1] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id. Here, the Notice of Appeal was filed less than one year ago, and Petitioner has not alleged or offered any evidence of undue delay in his state proceedings.

In sum, Petitioner has not completed his direct appeal proceedings, let alone moved forward with a state habeas petition. Requiring exhaustion will allow for factual development of the claims and provide the state courts the first opportunity to correct any alleged constitutional violations. As Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice.

**C. The Petition Also Should Be Dismissed Because Petitioner Failed to Pay the $5.00 Filing Fee**

As described above, the Court ordered Petitioner to pay the $5.00 filing fee, (doc. no. 13), but he has not responded. In fact, he has not communicated with the Court at all since Judge Hyles transferred the petition to the Southern District, suggesting he has abandoned his case.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Petitioner's failure to pay the $5.00 filing fee or otherwise explain to the Court why he has not paid evidences non-compliance with a court order and amounts to a failure to prosecute. This is precisely the type of neglect contemplated by the Local Rules.  Thus, in addition to Petitioner's failure to exhaust state court remedies as described above, the case is also subject to dismissal for failing to follow the Court's prior Order to pay the filing fee.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of February, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA